**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br>EMPRESAS MARTINEZ VALENTIN<br>CORP.,<br><br><br>DEBTOR.<br>_____ | CASE NO. 11-07018 (EAG) |
| EMPRESAS MARTINEZ VALENTIN<br>CORP.,<br><br>PLAINTIFF,<br><br>v.<br><br>PC PUERTO RICO LLC,<br><br>DEFENDANT.<br>_____ | ADVERSARY NO. 11-00178 (EAG)<br><br><br><br><br><br>FILED & ENTERED ON 07/14/2015 |

**OPINION AND ORDER**

On April 22, 2015, the court heard oral arguments on defendant PC Puerto Rico LLC's ("PCPR") motion for summary judgment, plaintiff/debtor Empresas Martinez Valentin Corp.'s opposition thereto, and the parties' replies. (Docket Nos. 132, 146, 147, 149, 158 & 176.) At the conclusion of the hearing, the court entered an order partially granting summary judgment in favor of PCPR as to Count III, while denying the motion as to all other counts. (Docket No. 176.) PCPR then moved for reconsideration, which the debtor has opposed. (Docket Nos. 181 & 184.) For the following reasons, the court denies PCPR's motion.

Generally, a motion for reconsideration under Rule 59(e), made applicable under Bankruptcy Rule 9023, can be brought only to "correct manifest errors of law, present newly

discovered evidence, or when there is an intervening change in law."[1]  Jimenez-Gonzalez v. Rubio, 2012 U.S. Dist. LEXIS 135758, *3-*4 (D.P.R. Sept. 21, 2012) (citing Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir. 2008)).  "The granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (citations omitted).  Such motions cannot be used to re-litigate matters already decided by the court. See Rubio, 2012 U.S. Dist. LEXIS 13578, at *3; Marks 3 Zet-Ernst Marks GMBH & Co. KG v. Presstek, Inc., 455 F.3d 7, 15-16 (1st Cir. 2006) ("[a] motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance new arguments that could or should have been presented to the . . . court prior to judgment.").

At the outset, PCPR does not  specifically address in its motion the grounds on which the court denied summary judgment for Counts I and V.  The court, therefore,  denies PCPR's motion as to these two counts for failure to (1) state a legal basis for the relief requested, (2) demonstrate that the court made a "manifest error of law," and (3) establish any other permissible grounds for reconsideration.  See P.R. LBR 9013-2; Rubio, 2012 U.S. Dist. LEXIS 135758, *3.

As to the remaining counts, at the end of the oral argument hearing the court denied summary judgment as to Counts II and IV, and by extension Counts VI and VII, based on its

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure. All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico.  And all references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

finding that the critical lease provision was subject to at least two interpretations.  The lease

states, in relevant part, that:

> THE LESSORS hereby lease to the LESSEE the property described above, but
> more specifically the area devoted to the gasoline service station included in the
> property described in the first paragraph above, with all the appurtenances and
> all the rights, titles and interest of THE LESSORS, including the corresponding
> access roads.  As long as the rest of the property remains undivided, this lease
> affects the entire property [.]

(Docket No. 132-2 at p. 36.)  The court found that the provision could mean that the entire real

property as recorded in the registry of property was subject to the lease.  (Docket No. 176.)

The court also found, however, that the provision could just-as-well mean that the lease

covered only the area devoted to the gasoline service station.  Id.  Faced with uncertainty as

to the intention of the parties that entered the contract, and bearing in mind that matters of

intention are generally not well suited for a summary judgment motion, the court denied

PCPR's motion.  Id.; see Mulero-Rodríguez v. Ponte, Inc., 98 F.3d 670, 677 (1st Cir. 1996); P.R.

Laws Ann. tit. 31, § 3471.  In so doing, the court noted that the relevant facts were not before

it as to the parties' actions, both "contemporaneous and subsequent to the contract," from

which their intentions could be gleaned.  P.R. Laws Ann. tit. 31, § 3472.  In any event, all

inferences should be drawn in favor of the non-movant in the context of a motion for summary

judgment.  See Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990).

    In its motion for reconsideration, PCPR argues that the court made a manifest error

in finding that the lease contract was ambiguous.  (Docket No. 181.)  PCPR maintains that

the only reasonable interpretation of the provision is that it covers the entire property, not

just the gasoline service station.  Id.  In support of its position, PCPR refers to the final

sentence of the lease provision quoted above, and also draws on the principle of

specialization and notarial custom under Puerto Rico law.  Id.  The court, ultimately, is not
persuaded by PCPR's arguments.

As to the former, the court already specifically rejected at the hearing PCPR's
assertion that the last sentence of the lease provision required the court to find that the
lease applied to the entire property.  (Docket Nos. 175 & 176.)  So, to the extent PCPR's
request for reconsideration seeks to "reargue matters already properly disposed of by the
court," the motion for reconsideration is denied on that basis.  Rubio, 2012 U.S. Dist. LEXIS
135758, at *4.

Turning to PCPR's other argument, PCPR contends in its motion for reconsideration
that it is "customary notarial practice in Puerto Rico in all lease contracts effectuated via
public deed . . . to specify the use of a leased thing in accordance with the express mandates
of [t]he [p]rinciple of [s]pecialization and Article 1445" of the Civil Code of Puerto Rico.
(Docket No. 181 at pp. 5-6.)  The principle of specialization refers to the requirement that
any document presented to the property registry must be "clear and specific as to the
content of the rights, its extension and ownership."[2]  Westernbank v. Registradora, 174
D.P.R. 779, 788 (2008).  Article 1445 of the Civil Code requires the lessee "[t]o use the thing
leased as a diligent father of a family would, applying the same to the use agreed upon."
P.R. Laws Ann. tit. 31, §4052(2).  The court allows that notarial custom may explain why a
lease contract would make reference to the use of lease.  Indeed, the contract here is
replete with references to the gasoline service station and various, related equipment.

---

[2] This is the court's own translation of the case from Spanish.  The original reads: "[E]n virtud del principio de
especialidad, se requiere que los documentos que se presenten en el Registro sean claros y específicos en cuanto
al contenido del Derecho, su extensión y titularidad." Westernbank v. Registradora, 174 D.P.R. 779, 788 (2008).

However, the court reads the specific lease provision in question as a description of the area being leased, not as a restriction on how the property can be used. Thus, the contradiction within the lease provision still remains. Just as in the oral argument hearing, PCPR cannot adequately explain why the last sentence of the lease appears to indicate that the lease applies to the entire property, but that the prior sentence, through the phrase "but more specifically," seems to limit the lease only to the area devoted to the gasoline service station. The case cited by PCPR, Texaco v. Gonzalez, 96 D.P.R. 305 (1968), is inapposite on this point. It is this contradiction that warranted the denial of summary judgment on these counts, especially since the court was required to draw inferences against the movant, PCPR. See Griggs-Ryan, 904 F.2d at 115.

Accordingly, absent a showing of manifest error by this court, newly discovered or previously unavailable evidence, manifest injustice, or an intervening change in controlling law that warrants reconsideration, the motion for reconsideration at docket number 181 is denied.

In San Juan, Puerto Rico, this 14th day of July, 2015.

Edward A. Godoy
U.S. Bankruptcy Judge