**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br>EMPRESAS MARTINEZ VALENTIN<br>CORP.,<br><br><br>DEBTOR.<br>_____<br><br>EMPRESAS MARTINEZ VALENTIN<br>CORP.,<br><br>PLAINTIFF,<br><br>v.<br><br>PC PUERTO RICO LLC,<br><br>DEFENDANT.<br>_____ | CASE NO. 11-07018 (EAG)<br><br><br><br><br><br><br><br>ADVERSARY NO. 11-00178 (EAG)<br><br><br><br><br><br><br>FILED & ENTERED ON 01/27/2016 |

**OPINION AND ORDER**

On or around January 14, 2016, defendant PC Puerto Rico LLC served subpoenas under Fed. R. Civ. P. 45 on CPA Armando Aviles Galloza, the plaintiff's trial expert in this case, and the Colegio de Contadores Publicos Autorizados de Puerto Rico.  (Docket Nos. 273-3 & 273-4.) Plaintiff has moved to quash both subpoenas, arguing that the discovery deadline has long-since expired.  (Docket No. 274.)  The defendant opposes.  (Docket No. 277.)  For the reasons stated below, the court quashes both subpoenas.

As part of its scheduling order in this case, the court set February 21, 2014, as the deadline for the completion of all discovery.  (Docket No. 80.)  The deadline to conduct discovery on plaintiff's expert report was later extended until March 27, 2014.  (Docket No. 97.)  Following the resolution of several matters, including the adjudication of defendant's

motion for summary judgment, a pre-trial conference was held and a trial date was set. (Docket Nos. 176 & 211.) The trial was held from December 7th through 9th, 2015, and has since been continued to February 22, 2016. (Docket No. 270.)

It is at this extremely late stage of the litigation that the defendant seeks to re-open discovery. PC Puerto Rico argues that the subpoenas in question are timely since Fed. R. Civ. P. 45, made applicable to these proceedings by Fed. R. Bankr. P. 9016, does not include a deadline for obtaining discovery from non-parties. (Docket No. 277.) The defendant also maintains that the plaintiff does not have standing to challenge the subpoenas, since CPA Aviles and the Colegio are not parties in this adversary proceeding. Id.

Courts have held, however, that "Rule 45 subpoenas have been held generally to constitute discovery, and, therefore, are subject to the same time constraints that apply to all of the other methods of formal discovery." Pasternak v. Dow Kim, 2013 WL 1729564, *1 (S.D.N.Y. April 22, 2013) (internal quotation omitted). See Agsouth Genetics, LLC v. Georgia Farm Servs., LLC, 2013 WL 5603231, at *1 (M.D.Ga. Oct.11, 2013) ("A subpoena duces tecum should not be used to circumvent the ordinary strictures of discovery."); Neel v. Mid-Atl. of Fairfield, LLC, 2012 WL 98558, at *1 (D. Md. Jan. 11, 2012) ("To allow a party to use Rule 45 to circumvent the requirements of a court-mandated discovery deadline would clearly be contrary to the traditional interpretation of the Federal Rules of Civil Procedure, which dictates that the rules must be construed in a manner that is internally consistent. Put another way, it is unthinkable that the effect of Rule 34 can be emasculated by the use of Rule 45.") (quotation marks and citations omitted).

In light of this, any attempt by a party to extend the discovery deadlines falls within the ambit of Fed. R. Civ. P 16, made applicable to this proceeding by Fed. R. Bankr. P. 7016.  Under Fed. R. Civ. P. 16(b)(4), a scheduling order may be modified only for "good cause and with the judge's consent."  PC Puerto Rico has not even requested a modification of the scheduling order.

Therefore, as the discovery deadlines remain as set, the court finds that the subpoenas are untimely, having been served well after the deadline to conclude formal discovery.  They are quashed on that basis.  As the court makes this ruling under its authority to enforce its own scheduling orders and  manage its cases under Fed. R. Bankr. P. 7016, the court need not reach the standing issue.

IT IS SO ORDERED.

In Ponce, Puerto Rico, this 27th day of January, 2016.

*Edward A. Godoy*

Edward A. Godoy
U.S. Bankruptcy Judge

3