**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 11-07018 (EAG) |
| EMPRESAS MARTINEZ VALENTIN CORP., | |
| DEBTOR. | |
| EMPRESAS MARTINEZ VALENTIN CORP., | ADVERSARY NO. 11-00178 (EAG) |
| PLAINTIFF, | |
| v. | |
| PC PUERTO RICO LLC, | |
| DEFENDANT. | FILED & ENTERED ON 11/27/2017 |

**OPINION AND ORDER**

On August 16, 2016, following a six-day bench trial, plaintiff Empresas Martínez Valentín Corp. requested that this court take judicial notice of several motions that had been filed in a related district court litigation in 2011. (Adv. Dkt. No. 316.)  The defendant PC Puerto Rico, LLC opposed.  (Adv. Dkt. No. 317.)

On April 18, 2017, the court denied the plaintiff's request, finding:

> Much of the materials that the plaintiff seeks the court to take judicial notice of concern Mr. Martínez, not Empresas Martínez, and are not relevant to this adversary proceeding. To the extent the materials are relevant to this adversary proceeding, the court has already accepted the facts therein through the existing trial record.  The motion is also untimely.

(Adv. Dkt. No. 327.)

On May 2, 2017, Empresas Martínez moved for reconsideration. (Adv. Dkt. No. 335.) PC Puerto Rico filed an opposition on May 4, 2017. (Adv. Dkt. No. 340.) For the reasons stated below, the court denies the plaintiff's motion.

Generally, a motion for reconsideration under Rule 59(e), made applicable under Bankruptcy Rule 9023, can be brought only to "correct manifest errors of law, present newly discovered evidence, or when there is an intervening change in law." Jimenez-Gonzalez v. Rubio, 2012 U.S. Dist. LEXIS 135758, *3-*4 (D.P.R. Sept. 21, 2012) (citing Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir. 2008)). "The granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (citations omitted). Such motions cannot be used to re-litigate matters already decided by the court. See Rubio, 2012 U.S. Dist. LEXIS 135758, at *3; Marks 3-Zet-Ernst Marks GMBH & Co. KG v. Presstek, Inc., 455 F.3d 7, 15-16 (1st Cir. 2006) ("[a] motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance new arguments that could or should have been presented to the . . . court prior to judgment.").

Here, the court's order denying the plaintiff's motion for judicial notice was an evidentiary determination and is interlocutory in nature. See Abebe v. Scott, 478 Fed. Appx. 752, 753 (4th Cir. S.C. Aug. 1, 2012) (dismissing appeal of lower court's denial of a motion for judicial notice since the order was "neither a final order nor an appealable interlocutory or collateral order."). It is well settled that federal courts strongly disfavor piecemeal appeals of interlocutory orders. See Cummins v. EG & G Sealol, Inc., 697 F. Supp. 64, 67 (D.R.I. 1988)

("federal law abhors piecemeal appeals disputing interlocutory district court orders."). And, the plaintiff's motion does not explain why this court should depart from that policy here.

Rather, the basis for the plaintiff's reconsideration request only further counsels against deciding the matter now. The plaintiff states in its motion that the materials it wishes the court to take judicial notice of are "directly related to the punitive damage[s] issue." (Adv. Dkt. No. 335 at p. 4.) In its April 4, 2017, opinion and order finding the defendant liable of violating the automatic stay, however, the court held that "to the extent punitive damages may be awarded to a corporate debtor in a violation of stay claim under section 105(a), the court does not find such relief warranted in this case." (Adv. Dkt. No. 323 at p. 26.) The court thus views the plaintiff's motion for reconsideration as an attempt to re-litigate the court's decision not to award punitive damages, as well as the foundation for that decision in the record. Deciding this issue now, in piecemeal fashion, prior to judgment being entered, would lead to undue delay and waste judicial resources.

As such, the court denies the plaintiff's request. That being said, the plaintiff is free to raise this argument again after the court enters judgment, either by moving for reconsideration of the April 4, 2017, opinion and order or through an appeal.

Based on the foregoing, the plaintiff's motion for reconsideration at docket number 335 is denied without prejudice.

SO ORDERED.

In Ponce, Puerto Rico, this 27th day of November, 2017.

Edward A. Godoy
U.S. Bankruptcy Judge