**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 11-07018 (EAG) |
| EMPRESAS MARTINEZ VALENTIN CORP., | |
| DEBTOR. | |
| EMPRESAS MARTINEZ VALENTIN CORP., | ADVERSARY NO. 11-00178 (EAG) |
| PLAINTIFF, | |
| v. | |
| PC PUERTO RICO, LLC, | |
| DEFENDANT. | FILED & ENTERED ON 11/27/2017 |

**OPINION AND ORDER**

On August 31, 2011, debtor Empresas Martínez Valentín Corp. ("Empresas Martínez" or "plaintiff") initiated an adversary proceeding against Chevron of Puerto Rico, LLC, which has since changed its name to PC Puerto Rico, LLC ("PC Puerto Rico" or "defendant"). (Adv. Dkt. No. 1.) The adversary complaint, which was later amended, included causes of action for violation of the automatic stay as well as a number of other counts. (Adv. Dkt. Nos. 1 & 218.) Following several years of contentious litigation culminating in a six-day bench trial, the court entered an opinion and order on April 4, 2017, finding PC Puerto Rico liable of willfully violating the automatic stay of the corporate debtor, Empresas Martínez.[1] (Adv. Dkt. No. 323.)

---

[1] A more detailed account of the procedural history of the main bankruptcy case and adversary proceeding can be found in the court's April 4, 2017, opinion and order. (Adv. Dkt. No. 323.)

The court imposed compensatory damages totaling $408,153.00, as well as attorney's fees and costs. (Id. at pp. 32-33.) The plaintiff was granted a term to file a statement of attorney's fees and costs incurred in the prosecution of the adversary proceeding. (Adv. Dkt. No. 323 at p. 33.)

On June 5, 2017, the plaintiff submitted its petition for attorney's fees incurred for work performed by both its former and current counsel in the prosecution of the adversary proceeding. (Adv. Dkt. No. 345.) On July 3, 2017, PC Puerto Rico filed an opposition, and the plaintiff has since replied. (Adv. Dkt. Nos. 353 & 359.)

Rule 54(d)(2), made applicable to this adversary proceeding by Bankruptcy Rule 7054(b)(2)(A), provides that a claim for attorney's fees must be made by motion, with certain exceptions not applicable here, no later than 14 days after the entry of judgment, unless the court orders otherwise.[2] Fed. R. Civ. P. 54(d)(2)(A)-(D). Generally, courts employ the "lodestar" method to calculate fee awards. Under this approach, the court first "calculate[s] the number of hours reasonably expended by the attorneys for the prevailing party, excluding those hours that are 'excessive, redundant, or otherwise unnecessary.'" Cent. Pension Fund of the Int'l Union of Operating Eng'rs & Participating Emp'rs v. Ray Haluch Gravel Co., 745 F.3d 1, 5 (1st Cir. 2014) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). The court then determines "a reasonable hourly rate or rates–a determination that is often benchmarked to the prevailing rates in the community for lawyers of like qualifications, experience, and competence." Id. The court next multiplies the hours by the rate, yielding the lodestar, which

---

[2] Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11of the United States Code, 11 U.S.C. §§101-1532, as amended. All references to "Bankruptcy Rule"are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule"are to the Federal Rules of Civil Procedure. All references to "Local Bankruptcy Rule"are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico. And all references to "Local Civil Rule"are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

"represents a presumptively reasonable fee, although it is subject to upward or downward adjustment in certain circumstances." Lipsett v. Blanco, 975 F.2d 934, 937 (1st Cir. 1992).

In this case, the plaintiff seeks compensation for attorney's fees in the total amount of $136,853.00, comprised of $25,845.00 for work performed by C. Conde & Associates (the "Conde firm") and $111,008.00 for work performed by attorney Nelson Robles-Díaz ("Mr. Robles"). The Conde firm represented the plaintiff in the adversary proceeding up until Mr. Robles was named special counsel in April 2013. (Bankr. Dkt. Nos. 117 & 119.) In support of its request, the plaintiff attached to its petition several applications for interim compensation on behalf of both the Conde firm and Mr. Robles that were filed in the main bankruptcy case and approved by the court. (Adv. Dkt. No. 345; Bankr. Dkt. Nos. 65, 73, 115, 118, 152, 154, 190, 191, 206 & 214.)

Before reaching PC Puerto Rico's objections, the court quickly addresses a point regarding interim fee awards. To the extent that the plaintiff argues that PC Puerto Rico waived its right to challenge the plaintiff's fee request by not objecting to the various applications for compensation that were already approved in the main bankruptcy case (Adv. Dkt. No. 345 at p. 9; Adv. Dkt. No. 359 at p. 2), the court disagrees. "The law is clear . . . that all interim awards of attorney's fees in bankruptcy cases are tentative." In re Taxman Clothing Co., 49 F.3d 310, 312 (7th Cir. 1995) (citations omitted). "Any amounts that were awarded as interim compensation are subject to reconsideration at any time prior to the final award, for any reason." 3 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 331.04 at [3] (16th ed. 2017). Therefore, PC Puerto Rico can now challenge the time entries contained within the applications for compensation, especially given that the court's April 4, 2017, opinion and

3

order imposed liability for the plaintiff's attorney's fees on PC Puerto Rico. (Adv. Dkt. No. 323 at p. 33.)

With that resolved, the court now addresses in turn each of PC Puerto Rico's objections to the fee statement.

PC Puerto Rico first challenges attorney's fees claimed for all work performed by the Conde firm prior to the filing of the adversary complaint on August 31, 2011, simply based on the fact that the adversary proceeding had not yet been initiated. (Adv. Dkt. No. 353 at p. 11.) This objection is denied. The relevant time sheets make clear that the work in question concerned the drafting of the adversary complaint, and the court finds that the hours spent on this task were reasonable given the factual and legal complexity of the litigation. (Adv. Dkt. No. 345-1 at pp. 29-30.)

The defendant next objects to a number of time entries that it argues correspond to matters that either were, or should have been, presented in the main bankruptcy case, not the adversary proceeding. (Adv. Dkt. No. 353 at p. 12.) After reviewing the entries in question, the court finds that as to work performed by the Conde firm, two matters totaling $120.00 were outside the scope of the adversary proceeding and are therefore ineligible for compensation: (1) a time entry in the amount of $30.00, dated September 30,2011, concerning the review of an order entered in the main bankruptcy case denying a motion to stay the proceedings in a related district court action; and (2) an entry in the amount of $90.00, dated December 6, 2011, for the review of a notice for voluntary dismissal filed in a separate bankruptcy case by the debtor's president. (Adv. Dkt. No. 345-1 at pp. 32-33; Bankr. Dkt. Nos. 24 & 25.) In view of this, the fee award based on work performed by the Conde firm is adjusted downward in the

4

amount of $120.00.

As to work performed by Mr. Robles, the court finds that a number of entries between January 9, 2014 and October 30, 2015 totaling $3,014.00 correspond to work outside the scope of the adversary proceeding. (Adv. Dkt. No. 345-3 at pp. 8-10; Adv. Dkt. No. 345-4 at pp. 9-11.) These entries mostly concern attempts by the debtor to secure further financing as well as the debtor's response to a motion to dismiss filed by the United States trustee in the main bankruptcy case for, among other things, failure to keep current with reporting obligations and quarterly fees.[3] (Bankr. Dkt. No. 162.) The fee award based on work performed by Mr. Robles is therefore adjusted downward in the amount of $3,014.00.

PC Puerto Rico also seeks to disallow attorney's fees totaling $3,557.50 for work performed by the Conde firm in September 2011 relating to a district court proceeding PC Puerto Rico brought against the debtor's president, Angel Martínez. (Adv. Dkt. No. 353 at p. 12.) The court agrees that the plaintiff's right to recover attorney's fees under the April 4, 2017 opinion and order does not extend to fees incurred in the separate litigation conducted in the district court against Mr. Martínez. (Adv. Dkt. No. 345-1 at pp. 30-31.) The plaintiff's fee award corresponding to work performed by the Conde firm is therefore adjusted downward in the amount of $3,557.50.

PC Puerto Rico next objects to a number of time entries by the Conde firm spanning September 12, 2011 to June 25, 2012, which, it alleges, do not contain sufficient information

---

[3] The court notes that Mr. Robles does not represent Empresas Martínez in the main bankruptcy case. While an application to employ Mr. Robles as debtor's counsel in the bankruptcy case was filed on July 23, 2015, it was later withdrawn, and the debtor obtained different legal representation soon thereafter. (Bankr. Dkt. Nos. 165, 175, 176 & 187.)

to indicate the purpose of the work performed or its relevance to the adversary proceeding. (Adv. Dkt. No. 353 at p. 13.)  In its response, the plaintiff concedes that these entries are deficient. (Adv. Dkt. No. 359 at pp. 4-5.)  The fee award corresponding to work performed by the Conde firm is therefore adjusted downward in the amount of $297.50.

The defendant also challenges several time entries marked "strategy meetings," on the grounds that they do not include the express purpose of such meetings.  (Adv. Dkt. No. 353 at p. 13.)  Having reviewed the entries in question, the court denies this challenge.  In so doing, the court notes that the meetings were not unreasonable in terms of frequency or duration. Counsel is not required to go into explicit detail in its time entries regarding its litigation strategy.  See Osorio v. Municipality of Loiza, 2016 U.S. Dist. LEXIS 77317, at *16 (D.P.R. June 14, 2016) ("A court must be cognizant of attorney-client privilege when attorneys are describing a task such as an email or a conference with the client; therefore, if the court can deduce the general reason by examining the date of the task surrounding it, it will be considered reasonable.").

PC Puerto Rico next objects to a time entry, dated October 17, 2014, in the amount of $480.00 for research performed by a paralegal on the grounds that the relevant application for compensation does not disclose the paralegal's qualifications to justify the hourly rate. (Adv. Dkt. No. 353 at pp. 13-14; Adv. Dkt No. 345-3 at p. 12.)  While it is true that the plaintiff's application for compensation does not include any information regarding the paralegal's experience and legal qualifications, the court finds the billing rate of $40.00 per hour to be reasonable.   See, e.g., Mercado-Nieves v. Puerto Rico, 2011 U.S. Dist. LEXIS 158856, at *6 (D.P.R. June 8, 2011) (finding $50.00 per hour fee for a paralegal to be reasonable in the same

6

district). In so doing, the court notes that the application to employ Mr. Robles, which was approved by the court, provides that work rendered by paralegals would be compensated at a rate of $40.00 per hour. (Bankr. Dkt. No. 117 at p. 5.) And further, that PC Puerto Rico has not submitted any evidence that the $40.00 rate claimed by the plaintiff for paralegal work is not in keeping with the "prevailing rates in the community for [professionals] of like qualifications, experience, and competence." Cent. Pension Fund, 745 F.3d at 5. This challenge is therefore denied.

PC Puerto Rico also challenges a number of time entries on the grounds that they constitute "block billing" and that the entries do not provide adequate detail to allow the court to determine whether they are "redundant, excessive, or otherwise unnecessary." (Adv. Dkt. No. 353 at pp. 14-20.) Having reviewed the entries in question, the court is satisfied that they are all sufficiently detailed. However, the courts takes issue with one time entry, dated May 17, 2016, in the amount of $400.00 for the retrieval of trial transcripts from the opposing counsel's offices. (Adv. Dkt. No. 345-5 at p. 7.) The court finds that this is an excessive amount of time for the task in question, considering the short distance between the attorneys' offices, and therefore reduces the fee award as to work performed by Mr. Robles by $200.00.

In another challenge, PC Puerto Rico objects to fees corresponding to all work performed by "JR," totaling $24,340.00, and "VO," in the amount of $4,220.00, arguing that the plaintiff has not filed applications to employ individuals with those initials. (Adv. Dkt. No. 353 at pp. 21-22.) Mr. Robles has clarified both issues: the references to "JR" are a typographical error and actually refer to himself, while "VO" is a reference to Mr. Robles' law clerk. (Adv. Dkt. No. 359 at pp. 6-7.) That being said, Mr. Robles does point out that per his application to

employ, work performed by law clerks should be compensated at a rate of only $50.00 per hour, not the $80.00 per hour rate used in his application for compensation. (Bankr. Dkt. No. 117 at p. 5; Adv. Dkt. Nos. 345-4 & 345-5.) In light of this, given that Mr. Robles' law clerk worked a total amount of 58.75 hours on the adversary proceeding, the court reduces the fee award for work performed by Mr. Robles by $1,762.50.

PC Puerto Rico also seeks to deny compensation for all legal work performed between June 18, 2014, the date that plaintiff learned of the sale of the gasoline service station, through August 13, 2015, the date on which the plaintiff finally informed the court of this fact.[4] (Adv. Dkt. No. 353 at pp. 22-24; Adv. Dkt. No. 212.) While PC Puerto Rico states that this amount totals $29,018.00, this appears to be a mathematical error. (Adv. Dkt. No. 353 at p. 24.) The total is actually $28,818.00. (Adv. Dkt. No. 345-3 at pp. 10-12; Adv. Dkt. No. 345-4 at pp. 7-10.) PC Puerto Rico does not cite any specific legal authority in support of its request (Adv. Dkt. No. 353 at pp. 22-24), so the court's analysis falls under the "excessive, redundant, or otherwise unnecessary" standard. Cent. Pension Fund, 745 F.3d at 5.

The court agrees that an adjustment is appropriate in this case. It is clear that the plaintiff's failure–for over a year–to inform the court of the sale, which rendered moot a number of the counts in the original complaint, caused unnecessary delays in the litigation and wasted judicial resources. During the interim, the court decided a motion for judgment on the pleadings and a motion for summary judgment, both under the mistaken impression that the

---

[4] Upon learning of the sale, the court granted the plaintiff a term to "review the complaint and to strike counts and/or prayers for relief that are no longer relevant given that the real property was sold in the summer of 2014 to a third party, and that the premises other than the gas station and convenience store were already given back to debtor." (Adv. Dkt. No. 212.)

gasoline service station remained in the defendant's possession.  The court held a number of hearings on those matters and others during the same period, at any one of which the plaintiff could easily have informed the court of the sale.  Upon learning of this fact, the case was delayed again to allow the plaintiff time to file an amended complaint.  (Adv. Dkt. No. 212.)

With that said, the court does not agree all attorney's fees incurred during this period should be disallowed.   First of all, out of the $28,818.00, $2,114.00 corresponds to matters having to do with the main bankruptcy case, not the adversary, and were already eliminated from the fee statement elsewhere in this opinion and order.  (Adv. Dkt. No. 345-3 at p. 10, Adv. Dkt. No. 345-4 at pp. 9-10.)  Second, $2,060.00 in fees during this period correspond to various efforts to settle the case.  (Adv. Dkt. No. 345-3 at p. 10, Adv. Dkt. No. 345-4 at pp. 7-8.)  As PC Puerto Rico presumably was aware of the sale, the parties' settlement negotiations were not hindered by the plaintiff's non-disclosure of the sale to the court.  The plaintiff, therefore, will not be penalized as to these fees.  Third, $1,280.00 in attorney's fees concern the drafting of the plaintiff's expert witness's report and PC Puerto Rico's efforts to strike the report.  (Adv. Dkt. No. 345-3 at p. 10; Adv. Dkt. No. 116.)  The motion to strike was ultimately addressed, and denied, at the pretrial conference held November 18, 2015, and was not directly impacted by the plaintiff's lack of disclosure about the sale.  (Adv. Dkt. No. 240.)  So, the court will not disallow these fees either.

As to the remainder of the fees in question, which total $24,924.00, the court finds that a 20% reduction is commensurate to the delays and waste of judicial resources caused by the plaintiff's non-disclosure.   The court therefore adjusts this amount downward by 20%, reducing the fee award for work performed by Mr. Robles in the amount of $4,984.80.

PC Puerto Rico also specifically challenges time entries corresponding to the drafting of the amended complaint and related motions, totaling $2,480.00, arguing that plaintiff's counsel did not follow the court's directive to strike counts that were rendered moot by the sale of the gasoline service station, but instead inserted new allegations and counts, which led to further wasteful litigation in the form of a motion to strike the amended complaint. (Adv. Dkt. No. 212; Adv. Dkt. No. 353 at p. 24; Adv. Dkt. No. 345-4 at pp. 10-11.) The court grants this challenge in part: Regardless, the complaint needed to be amended following the sale of the station. Any delay or waste in judicial resources caused by the plaintiff's failure to inform the court of the sale of the property has already been addressed above. That being said, the court agrees that the plaintiff did not fully comply with the court's order at docket number 212, leading to a flurry of unnecessary motion practice and resulting in the court striking count I and several other paragraphs of the amended complaint.[5] (Adv. Dkt. Nos. 231 & 240.) For that reason, the court adjusts downward the fee award for work performed by Mr. Robles in the total amount of $680.00, corresponding to time the plaintiff's counsel spent (1) drafting a notice to file an opposition to PC Puerto Rico's motion to strike the amended complaint ($80.00), and (2) drafting an opposition to PC Puerto Rico's motion and urgent request to reschedule the hearing ($600.00). (Adv. Dkt. No. 345-4 at p. 11.)

Finally, PC Puerto Rico also argues that Mr. Robles' attorney's fees for "trial-related entries," meaning both trial preparation and the trial itself, should be significantly reduced.

---

[5]/The court's order states: "Debtor/plaintiff is granted 21 days to review the complaint and to strike counts and/or prayers for relief that are no longer relevant given that the real property was sold in the summer of 2014 to a third party, and that the premises other than the gas station and convenience store were already given back to debtor." (Adv. Dkt. No. 212.)

10

(Adv. Dkt. No. 353 at pp. 24-29.) PC Puerto Rico asserts that the plaintiff's counsel employed a number of "bad faith" tactics that extended the trial unnecessarily and wasted judicial resources. Id. The defendant also maintains that the trial-related attorney's fees should be adjusted downward since Empresas Martínez only prevailed on one count, and that the court only granted damages to the plaintiff in the amount of $408,153.00, which is approximately 8% of the total amount sought in the amended complaint. (Adv. Dkt. No. 353 at pp. 25-28.) Accordingly, PC Puerto Rico maintains, Mr. Robles' trial-related attorney's fees, which total $58,436.65, should be reduced by 92%, to $4,674.88. (Adv. Dkt. No. 353 at p. 29.)

As to PC Puerto Rico's allegations of "bad faith" tactics, the court agrees that some reduction is appropriate, given that the plaintiff's attorney did extend the length of the trial by repeatedly focusing on irrelevant lines of inquiry with witnesses in an attempt to re-litigate a related district court case despite multiple warnings from the court. The plaintiff's attorney also delayed the proceedings by repeatedly attempting to conduct an evidentiary hearing on a matter already decided by the court. However, the court finds PC Puerto Rico's proposal too harsh. The court also notes that the 8% figure cited by PC Puerto Rico does not take into account that the opinion and order also imposed upon the defendant the plaintiff's attorney's fees and costs. (Adv. Dkt. No. 323 at p. 33.)

As to the second point, the court disagrees with PC Puerto Rico's contention that Empresas Martínez did not "substantially prevail" at trial. "[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). That being said, "[t]he lodestar figure is subject to

11

upward or downward adjustment to reflect the degree of success in the litigation of the party

seeking a fee award." United States ex rel. Emery v. Belcon Enters., 2016 U.S. Dist. LEXIS

180271, at *30 (D. Me. Dec. 30, 2016). But, "[a] party that establishes that claims on which it

did not prevail were based on a common core of facts with those claims on which it did prevail,

or that related legal theories supported claims with both outcomes may obtain complete

compensation for the work pertaining to such facts or theories." Id.

Here, the amended complaint included four counts: (1) breach of contract, (2) willful

violation of the automatic stay under section 105(a), (3) loss of supermarket income, and (4)

loss of future income/loss of value as a going concern. (Adv. Dkt. No. 218.) Of these, the court

struck the breach of contract claim prior to trial, and the loss of future income/loss of value

as a going concern count was rendered moot by the sale of the real property to a third party

in June 2014, prior to the filing of the amended complaint.[6] (Adv. Dkt. No. 218 at p. 30; Adv.

Dkt. No. 240.) At the conclusion of the trial, the court found:

> the defendant PC Puerto Rico liable under section 105(a) of willfully violating
> the automatic stay of the corporate debtor, Empresas Martínez, by disposing of
> the supermarket equipment and inventory. The court imposes compensatory
> damages in the amount of $75,000.00 corresponding to lost equipment and
> $333,153.00 corresponding to lost inventory, for a total amount of $408,153.00.
> No liability is imposed for holding over the supermarket and no damages are
> awarded for lost income.

(Adv. Dkt. No. 323 at pp. 32-33.)

In view of the above, taking into account both that the unnecessary delays caused by

the plaintiff's counsel at trial and the fact that the plaintiff recovered on only one of the four

---

[6]/The court also deemed the count for loss of value as a going concern abandoned by the plaintiff since
it did not submit any evidence at trial to establish that claim. (Adv. Dkt. No. 323 at p. 25.)

12

counts included in the amended complaint, the court finds that a 25% reduction of attorney's fees for trial-related work performed by Mr. Robles is appropriate. Accordingly, the court adjusts downward the attorney's fees incurred for this work, which total $58,436.65, by $14,609.14.

CONCLUSION

Based on the foregoing, the court awards Empresas Martínez $107,627.56 in attorney's fees, comprised of $21,870.00 for work performed by the Conde firm, and $85,757.56 for work performed by Mr. Robles.

SO ORDERED.

In Ponce, Puerto Rico, this 27th day of November, 2017.

Edward A. Godoy
U.S. Bankruptcy Judge