**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

|  |  |
|---|---|
| IN RE: | CASE NO. 11-07018 (EAG) |
| EMPRESAS MARTINEZ VALENTIN CORP., | |
| DEBTOR. | |
| EMPRESAS MARTINEZ VALENTIN CORP., | ADVERSARY NO. 11-00178 (EAG) |
| PLAINTIFF, | |
| v. | |
| PC PUERTO RICO LLC, | |
| DEFENDANT. | FILED & ENTERED ON 11/27/2017 |

**OPINION AND ORDER**

On August 31, 2011, debtor Empresas Martínez Valentín Corp. ("Empresas Martínez" or "plaintiff") initiated an adversary proceeding against Chevron of Puerto Rico, LLC, which has since changed its name to PC Puerto Rico, LLC ("PC Puerto Rico" or "defendant"). (Adv. Dkt. No. 1.) The adversary complaint, which was later amended, included causes of action for violation of the automatic stay as well as a number of other counts. (Adv. Dkt. Nos. 1 & 218.) Following several years of contentious litigation culminating in a six-day bench trial, the court entered an opinion and order on April 4, 2017, finding PC Puerto Rico liable of willfully violating the automatic stay of the corporate debtor, Empresas Martínez.[1] (Adv. Dkt. No. 323.)

---

[1] A more detailed account of the procedural history of the main bankruptcy case and adversary proceeding can be found in the court's April 4, 2017, opinion and order. (Adv. Dkt. No. 323.)

The court imposed compensatory damages totaling $408,153.00, as well as attorney fees and costs.  (Id. at pp. 32-33.)  The plaintiff was granted a term to file a statement of attorney fees and costs incurred in the prosecution of the adversary proceeding.  (Adv. Dkt. No. 323 at p. 33.)

On April 18, 2017, the plaintiff submitted a bill of costs for $18,564.00, together with a supporting memorandum.  (Adv. Dkt. Nos. 328 & 329.)  PC Puerto Rico filed an opposition on June 26, 2017, and the plaintiff has since replied.  (Adv. Dkt. Nos. 348 & 357.) For the reasons stated below, the court awards costs to the plaintiff in the amount of $6,364.99.

Bankruptcy Rule 7054(b)(1) provides that a bankruptcy court may award costs to the prevailing party in an adversary proceeding.[2]  Fed. R. Bankr. P. 7054(b)(1).  Although the bankruptcy rule is modeled on Rule 54(d)(1), the language of the bankruptcy rule is  "more permissive than that of Rule 54(d), which states that costs 'should' be allowed.  Thus, there is no presumption created in favor of awarding costs under Bankruptcy Rule 7054(b)."  10 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 7054.05 (16th ed. 2017).

While a bankruptcy court has discretion in determining whether to award costs, the type of costs it may award are strictly limited by 28 U.S.C. § 1920, just like in district court.  In re Celotex Corp., 251 B.R. 163, 169 (Bankr. M.D. Fla. 2000) ("Once a bankruptcy court determines, in its discretion, to allow costs to a prevailing party in an adversary proceeding or contested matter pursuant to [Bankruptcy] Rule 7054(b), the appropriate statute for

---

[2] Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11of the United States Code, 11 U.S.C. §§101-1532, as amended.  All references to "Bankruptcy Rule"are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule"are to the Federal Rules of Civil Procedure.  All references to "Local Bankruptcy Rule"are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico.  All references to "Local Civil Rule"are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

determining which costs to award is 28 U.S.C. § 1920."); In re San Juan Dupont Plaza Hotel Fire Litig., 994 F.2d 956, 962 (1st Cir. 1993) (28 U.S.C. § 1920 and Rule 54(d), "read together, signify that a district court lacks the ability to assess 'costs' under Rule 54(d) above and beyond those that come within the statutory litany.").

28 U.S.C. § 1920 lists six categories of items that are taxable as costs:

(1)     fees of the clerk and marshal;
(2)     Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3)     Fees and disbursements for printing and witnesses;
(4)     Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5)     Docket fees under section 1923 of [title 28];
(6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of [title 28].

28 U.S.C. § 1920.

A prevailing party seeking to recover its costs must file a bill of costs with supporting documentation. Upon allowance, the bill of costs is included in the judgment.

Here, the plaintiff seeks to recover in costs the total amount of $18,564.00, comprised of the following: (1) $250.00 in clerk fees, (2) $599.25 in fees and disbursement for printing, (3) $3,180.00 in interpreter fees, (4) $684.94 for translations of written documents for trial, (5) $3,050.74 for trial transcript costs, and (6) $10,800.00 in expert witness compensation. (Adv. Dkt. Nos. 328 & 329.) The court addresses each category in turn.

First, there are several claimed costs to which PC Puerto Rico has not objected and can be approved. The court hereby taxes as costs against PC Puerto Rico $250.00 in clerk fees, $599.25 in fees and disbursement for printing, and $3,050.74 for trial transcript costs, which the court finds were necessary since it ordered the parties to submit proposed findings of fact

at the conclusion of the trial. (Adv. Dkt. No. 286); see Pan Am. Grain Mfg. Co. v. Puerto Rico Ports Auth., 193 F.R.D. 26, 34 (D.P.R. Jan. 5, 2000) (finding this to be a factor weighing in favor of the prevailing party recovering the cost of daily trial transcripts).

As to the interpreter fees, PC Puerto Rico argues that this cost should be significantly reduced, contending that the plaintiff's counsel employed a number of "bad faith" tactics throughout the trial that extended the trial unnecessarily and wasted judicial resources. (Adv. Dkt. No. 348 at pp. 8-11.) Based on these delays, the defendant advocates that this cost should be reduced 92% to reflect the fact that the plaintiff only recovered approximately 8% of the total amount requested in the amended complaint. Id.; see (Adv. Dkt. No. 218.) The court agrees that a reduction is appropriate, given that the plaintiff's attorney did extend the length of the trial by repeatedly focusing on irrelevant lines of inquiry with witnesses in an attempt to re-litigate a related district court case despite multiple warnings from the court. The plaintiff's attorney also delayed the proceedings by repeatedly attempting to conduct an evidentiary hearing on a matter already decided by the court. However, the court finds PC Puerto Rico's proposal too harsh. Instead, the court will reduce the award for interpreter fees 25%, from $3,180.00 to $2,385.00, to reflect the delays caused by the plaintiff's attorney, which contributed significantly to extending what was scheduled as a three-day trial, into six days.

Turning to the translation fees, the United States Supreme Court has held "that costs stemming from the translation of written documents do not qualify as 'compensation of interpreters,' as that term is used in 28 U.S.C. § 1920(6), and, therefore, may not be taxed as costs against a non-prevailing party." Davila-Feliciano v. P.R. State Ins. Fund, 683 F.3d 405, 406 (1st Cir. 2012) (citing Taniguchi v. Kan Pacific Saipan, Ltd., 566 U.S. 560, 575 (2012)). In

4

light of this, the court denies the plaintiff's request to tax as costs $684.94 in translation fees.

Finally, as to the expert witness fees, PC Puerto Rico argued that Empresas Martinez should not recover costs related to the fees for the plaintiff's expert due to the court's refusal to adopt the expert's conclusions with respect to the lost income cause of action in the amended complaint.[3] (Adv. Dkt. No. 348 at pp. 7-8.) While this is true, the court notes that it did, in fact, accept the expert's valuations as to both the lost supermarket equipment and inventory, which together comprise the compensatory damages award. (Adv. Dkt. No. 323 at pp. 29-30.) In any event, that is besides the point, since it is well settled that a prevailing party cannot recover expert witness fees as costs beyond the ordinary witness fees permitted under 28 U.S.C. § 1821, except when the expert is appointed by the court, which is not the case here.[4] Walden v. City of Providence, 2008 U.S. Dist. LEXIS 82002, at *34-*38 (D.R.I. Oct. 15, 2008) ("the governing law in the First Circuit is well settled, expert witness fees cannot be recovered as costs beyond the statutory allowances for attendance, mileage and subsistence provided in 28 U.S.C. § 1821 . . . ." )(citing Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (U.S. 2006)); L & W Supply Corp. v. Acuity, 475 F.3d 737, 741 (6th Cir. 2007) ("expert witness fees may not be taxed as costs at a court's discretion under Rule 54(d) because § 1920 does not provide for them."). In view of this, and in light of the fact that the plaintiff did not

---

[3]/PC Puerto Rico also stated in its opposition that the court awarded $0 in damages for the breach of contract claim. (Adv. Dkt. No. 348 at p. 7.) This is misleading, as the court actually struck the breach of contract count from the amended complaint well before trial. (Adv. Dkt. No. 240.)

[4]/28 U.S.C. § 1821 provides that a witness in attendance at any court of the United States shall be paid attendance fees of $40 a day, travel expenses, and a subsistence allowance when an overnight stay is required. See 28 U.S.C. § 1821.

submit documentation of the expert's travel costs, the court can only tax as costs the $40.00 daily attendance fee for Mr. Aviles' two days of testimony. Therefore, the court hereby taxes as costs $80.00 in expert witness fees.

Based on the foregoing, the court hereby awards Empresas Martínez $6,364.99 in costs. The court will issue a separate order.

SO ORDERED.

In Ponce, Puerto Rico, this 27th day of November, 2017.

Edward A. Godoy
U.S. Bankruptcy Judge