**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 11-07018 (EAG) |
| EMPRESAS MARTINEZ VALENTIN CORP., | |
| DEBTOR. | |
| EMPRESAS MARTINEZ VALENTIN CORP., | ADVERSARY NO. 11-00178 (EAG) |
| PLAINTIFF, | |
| v. | |
| PC PUERTO RICO, LLC, | |
| DEFENDANT. | FILED & ENTERED ON 2/04/2019 |

**OPINION AND ORDER**

On November 27, 2017, the court entered judgment in this adversary proceeding in favor of the debtor Empresas Martínez Valentín Corp. ("Empresas Martínez" or "plaintiff") against PC Puerto Rico, LLC ("PC Puerto Rico" or "defendant") in "the total amount of $522,145.55, plus post-judgment interest, as set forth under 28 U.S.C. § 1961, from the date of entry of judgment." (Adv. Dkt. No. 364.) The defendant appealed the decision to the district court on December 8, 2017. (Adv. Dkt. No. 370; see Civil Case No. 17-2358.)

On December 18, 2017, the plaintiff moved the bankruptcy court for execution of its judgment, seeking a writ of execution and/or sequestration, which it later amended. (Adv. Dkt. Nos. 377 & 378.) While this motion was pending, PC Puerto Rico filed a motion to stay the proceedings in the bankruptcy court pending its appeal, and requested a brief extension to

obtain a supersedeas bond. (Adv. Dkt. No. 380.) PC Puerto Rico was granted a term to submit the bond, which it did on January 16, 2018, and subsequently amended. (Adv. Dkt. Nos. 384 & 392.) On April 9, 2018, the bankruptcy court, after modifying the bond to comply with PR LBR 1001-1(d) and L. Cv. R. 65.1, granted PC Puerto Rico's request "to stay the execution of judgment pending the appeal in the district court." (Adv. Dkt. 396.)

On September 30, 2018, the district court affirmed the bankruptcy court's judgment. (Adv. Dkt. Nos. 399 & 400.) On October 25, 2018, PC Puerto Rico gave notice in the district court case that it was appealing this decision to the United States Court of Appeals for the First Circuit. (See Civil Case No 18-2103.) As of this date, that appeal is still pending.

On November 21, 2018, the plaintiff renewed its request in the bankruptcy court for a writ of execution and/or sequestration. (Adv. Dkt. No. 401.) PC Puerto Rico has since opposed, and both parties have filed replies. (Adv. Dkt. Nos. 402, 405, 406 & 407.)

In its request, Empresas Martínez argues that the stay pending appeal entered by the bankruptcy court on April 9, 2018 expired after the district court affirmed the bankruptcy court's judgment. (Adv. Dkt. No. 401.) The plaintiff points out that PC Puerto Rico never filed in the district court a motion to stay those proceedings pending its appeal to the First Circuit. Id. The plaintiff also asserts that both the bankruptcy court's order granting the stay pending appeal as well as the language of the bond itself make clear that the stay applied only during the district court appeal. (Adv. Dkt. Nos. 401 & 405.)

PC Puerto Rico, on the other hand, maintains that the supersedeas bond filed in the bankruptcy court is "currently valid and will remain so during the pendency and resolution of

the <u>entire</u> appeals process." (Adv. Dkt No. 402 at p. 3.) PC Puerto Rico's position is without merit.

Fed. R. Bankr. P. 8025(a) provides that "[u]nless the district court or BAP orders otherwise, its judgment is stayed for 14 days after entry." Fed. R. Bankr. Proc. 8025(b) states, however, that "[o]n a party's motion and notice to all other parties to the appeal, the district court or BAP may stay its judgment pending an appeal to the court of appeals." Fed. R. Bankr. P. 8025(b). A stay under Rule 8025(b) may not exceed 30 days from the entry of judgment except for cause shown, or, "[i]f, before a stay expires, the party who obtained the stay appeals to the court of appeals, the stay continues until final disposition by the court of appeals." <u>Id.</u>

In this case, the district court affirmed the bankruptcy court judgment on September 30, 2018. PC Puerto Rico never moved the district court under Fed. R. Bankr. P. 8025(b) or any other provision to stay the district court judgment pending its appeal to the court of appeals, nor did it file such a motion with the court of appeals. As such, pursuant to Fed. R. Bankr. P. 8025(a), the district court judgment was stayed for 14 days after its entry, that is until on or around October 15, 2018. At that point, the plaintiff was free to move for execution of judgment in the bankruptcy case, which it did.

Accordingly, the bankruptcy court grants Empresas Martínez's request for execution of judgment at docket number 378, as supplemented at docket number 401. Empresas Martínez is ordered to amend its proposed form of order and writ at docket number 378 to include the judgment amount plus post-judgment interest compounded on November 27, 2018, with the new per diem rate based on the new principle amount of the judgment.

SO ORDERED.

In Ponce, Puerto Rico, this 4th day of February, 2019.

Edward A. Godoy
U.S. Bankruptcy Judge