# United States Court of Appeals
## For the First Circuit

No. 18-2103

IN RE: EMPRESAS MARTÍNEZ VALENTÍN CORP.,

Debtor.

PC PUERTO RICO, LLC,

Appellant,

v.

EMPRESAS MARTÍNEZ VALENTÍN CORP.,

Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Pedro A. Delgado-Hernández, U.S. District Judge]

Before

Torruella, Thompson, and Kayatta,
Circuit Judges.

Kenneth C. Suria, with whom Paul J. Hammer and Estrella, LLC were on brief, for appellant.
Nelson Robles Díaz, with whom Nelson Robles-Diaz Law Offices, P.S.C. was on brief, for appellee.

January 28, 2020

**KAYATTA**, **Circuit Judge**. This appeal turns primarily on a rule of appellate practice. The Supreme Court has twice explained that the time limit within which an appeal of a final judgment need be made starts running even if the lower court still has before it a request for attorneys' fees or costs incurred in litigating the case. See Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emp'rs, 571 U.S. 177, 186 (2014); Budinich v. Becton Dickinson & Co., 486 U.S. 196, 202 (1988). Federal Rule of Civil Procedure 58(e) expressly reminds counsel of this important point, stating that "[o]rdinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees."

The appellant PC Puerto Rico ("PCPR") has run afoul of this rule in this case. After the bankruptcy court issued a decision on the merits of all claims before it, PCPR did not promptly file a notice of appeal. Instead, it waited 237 days, appealing only after the bankruptcy court later decided a long-pending motion for attorneys' fees and costs incurred by the prevailing party, Empresas Martínez Valentín Corp. ("EMV"), in litigating this case. In this opinion we explore several possible, somewhat complicated rationales for bridging that 237-day gap. Ultimately, though, we are unable to find a basis for deeming the notice of appeal timely as applied to anything other than the award of fees and costs. We therefore dismiss the appeal from the

district court's ruling on the merits. And while we are able to review the award of fees and costs, we affirm that award for reasons that we will explain.

I.

EMV, its president Angel Martínez Valentín, and PCPR tussled over their respective rights under a lease and sublease to a commercial property located in Sabana Grande, Puerto Rico. After EMV filed for Chapter 11 bankruptcy protection, PCPR continued to pursue claims asserted by it against Mr. Martínez in a separate, previously filed action in the United States District Court for the District of Puerto Rico, eventually seizing and disposing of personal property owned by EMV located on the commercial property. After a six-day bench trial, the bankruptcy court found that PCPR's seizure and disposal of EMV's property after EMV filed for bankruptcy protection constituted a willful violation of the Bankruptcy Code's automatic stay, which enjoins the exercise of unauthorized control over property of the debtor's estate upon the filing of a bankruptcy petition, see 11 U.S.C. § 362(a)(3). In an "opinion and order" dated and docketed on April 4, 2017, the bankruptcy court awarded EMV damages against PCPR in the amount of $408,153 under section 105(a) of the Bankruptcy Code, 11 U.S.C. § 105(a), which has been interpreted to give bankruptcy courts civil contempt powers to enforce their orders. The bankruptcy court's April 4 ruling otherwise disposed of all claims and issues

- 3 -

in the case, save for EMV's request for costs and attorneys' fees "incurred in the prosecution of this adversary proceeding," with the amount to be determined by further submissions by the parties.

On April 18, 2017, EMV filed a motion under Bankruptcy Rules 9023 and 9024, which incorporate Federal Rules of Civil Procedure 59 and 60, asking the bankruptcy court to reconsider its April 4 opinion so as to order even more damages in favor of EMV. The bankruptcy court denied EMV's motion by order entered on May 30, 2017. On November 27, 2017, the bankruptcy court then issued two more opinions and orders: the first awarding EMV $107,627.56 in attorneys' fees incurred in litigating this adversary proceeding, the second awarding costs of the proceeding in the amount of $6,364.99. Both opinions and orders appeared on the docket that day, along with a separate two-page judgment encompassing both the April 4 ruling and the awards of fees and costs.

PCPR then appealed, on December 8, 2017, to the district court pursuant to 28 U.S.C. § 158(a)(1), and EMV moved to dismiss or limit the appeal as untimely. The district court denied the motion without explanation, proceeded to review the bankruptcy court rulings and awards on the merits, and affirmed them in all respects. On October 25, 2018, PCPR then appealed to this court pursuant to 28 U.S.C. §§ 158(d) and 1291 and Federal Rules of Appellate Procedure 4(a)(1) and 6(b). In its brief, PCPR

challenges both the award of damages and the award of attorneys' fees.

**II.**

We first discuss EMV's contention that PCPR waited too long to appeal the bankruptcy court's order of damages. In a bankruptcy case, appeals from decisions of the bankruptcy court proceed first either to a bankruptcy appellate panel (BAP) or to the district court. In re Hill, 562 F.3d 29, 32 (1st Cir. 2009). After either the BAP or the district court rules, an unsatisfied party may then seek direct review of the bankruptcy court's judgment from a court of appeals. Id. PCPR chose to appeal to the district court. By rule, such an appeal must be filed by notice with the bankruptcy clerk "within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1). We have previously held that failure to comply with this time limit for filing a notice of appeal strips the district court of appellate jurisdiction, necessitating dismissal of the appeal. See In re Vázquez Laboy, 647 F.3d 367, 371 (1st Cir. 2011) (citing In re Abdallah, 778 F.2d 75, 77 (1st Cir. 1985)). And even if we were now to treat the fourteen-day deadline as a nonjurisdictional, claim-processing rule, we are required to enforce it if a failure to comply is properly brought to our attention (an issue we discuss below). See Hamer v. Neighborhood Hous. Servs. of Chi., 138 S. Ct. 13, 17 (2017) (noting that claim-

processing rules "must be enforced" (emphasis added)).  And if the district court lacked the ability to review a judgment of the bankruptcy court due to an untimely notice of appeal, then we by extension lack the ability to review that judgment.  Abdallah, 778 F.2d at 77.

To determine the extent to which PCPR timely filed its appeal from the April 4 rulings with the district court, we begin by calculating the last possible date on which such an appeal could have been filed, assuming that Ray Haluch's "uniform rule" requires us to put to one side as collateral the request for attorneys' fees.  The April 4 opinion and order fully resolved all other claims, so it was otherwise a final judgment for appeal purposes.  See Fed. R. Civ. P. 54(b); Fed. R. Bankr. P. 7054(a) (applying Rule 54(b) to adversary proceedings).  But the time for appealing begins to run not when the court finally decides a case, but rather from when the decision is "entered" in the docket.  Fiore v. Wash. Cty. Cmty. Mental Health Ctr., 960 F.2d 229, 232 (1st Cir. 1992); see Fed. R. App. P. 4(a).

There are three ways in which a judgment is deemed to be entered.  First, and normally, a judgment is entered by preparing and docketing a "separate document" setting out the judgment.  Fed. R. Civ. P. 58(a), (c)(2)(A); see Fed. R. Bankr. P. 7058 (incorporating Rule 58 in adversary proceedings).  This requires a document "separate from an opinion or memorandum of the court," In re Smith

- 6 -

Corset Shops, Inc., 696 F.2d 971, 975 (1st Cir. 1982), that does not contain "a substantial discussion of the law and the facts," Jeffries v. United States, 721 F.3d 1008, 1013 (8th Cir. 2013). Second, if the court delays for more than 150 days in preparing and docketing the separate document entering judgment, then the rules deem judgment to have been entered when "150 days ha[d] run from the entry in the civil docket" of the ruling that should have been entered via a separate document. Fed. R. Civ. P. 58(c)(2)(B). Third, certain rulings on motions need not be set out in a separate document to be deemed entered. Id. 58(a)(1)-(5).

In this case, the April 4 opinion and order is not the type of ruling on a motion for which no separate document need be entered. See id. Rather (assuming the attorneys' fees issue is collateral), the April 4 opinion and order is a final judgment for which a separate document need be prepared and entered under Rule 58(c)(1). The bankruptcy court did not prepare and enter such a separate document by September 1 (within 150 days of April 4). So, using the second option above (with one possible tweak we will next discuss), we must deem the April 4 judgment to have been entered on September 1 for purposes of triggering the fourteen-day deadline for appeal, which would have expired on September 15, well before PCPR filed its notice of appeal on December 8.

The possible tweak we might make arises from the fact that, before fourteen days had run from the April 4 decision, EMV filed its Rule 59 and 60 motion, requesting either "relief from" the April 4 decision or "to alter and/or [a]mend" the same. That filing would have postponed (until its denial on May 30) the running of the time within which to appeal the April 4 decision had a separate document previously been prepared and entered. See Fed. R. App. P. 4(a)(4)(A). But even if we assume, arguendo, that we can still add those 56 days onto the 150 days permitted by Rule 58(c), we only get to October 28, which would have required the filing of a notice of appeal by November 11.

The foregoing makes clear that the December 8 notice of appeal from the April 4 judgment was untimely if the "uniform" rule of Ray Haluch applies, 571 U.S. at 186, as it "ordinarily" does, Fed. R. Civ. P. 58(e). PCPR therefore trains its argument on contending that Ray Haluch's rule does not apply in this case for a single reason: the attorneys' fees here are, according to PCPR, "compensatory damages" recoverable as an "element" of the claim for violating the automatic stay. But the Supreme Court has made clear that the treatment of a claim for attorneys' fees as collateral does not turn on whether we label the fee claim to be part of the merits of the case. As the Court noted in Ray Haluch, its "decision in Budinich made it clear that the uniform rule there announced did not depend on whether the statutory or decisional

- 8 -

law authorizing a particular fee claim treated the fees as part of the merits." 571 U.S. at 185 (citing Budinich, 486 U.S. at 201). Rather, the Supreme Court directs us to train our attention on whether the fees in question are "fees incurred in the course of litigating the case" and thus could not have been determined until after the case was litigated. Id. at 184-85; see also Budinich, 486 U.S. at 200.[1]

    The pending request for fees recognized in the bankruptcy court's April 4 opinion and order allowed only for further proof "of attorney fees and costs incurred in the prosecution of this adversary proceeding." In re Empresas Martínez Valentín Corp., Adversary No. 11-00178, 2017 WL 1251073, at *16 (Bankr. D.P.R. Apr. 4, 2017). Therefore, under Ray Haluch, the bankruptcy court's decision not to resolve the fee claim in its April 4 order had no effect on the finality of the rest of the order for purposes of appeal.[2]

---

[1] We have previously held that this rule applies to appeals under 28 U.S.C. § 158. See In re Rivera Torres, 432 F.3d 20, 22-23 (1st Cir. 2005).

[2] PCPR's reliance on In re Duby, 451 B.R. 664 (B.A.P. 1st Cir. 2011), is therefore unavailing. In Duby, the notice of appeal -- coming after the district court entered a judgment including attorneys' fees -- was timely because, even though the bankruptcy court awarded no damages apart from attorneys' fees, it had not yet made that determination as part of the underlying liability determination. Id. at 668. Here, by contrast, the bankruptcy court on April 4 had made a determination as to the amount of actual damages, so on those issues there was "nothing left to do but execute the judgment." Saka v. Holder, 741 F.3d 244, 249 n.2 (1st Cir. 2013).

One final point on timeliness remains. PCPR seemingly suggests that EMV's challenge to the timeliness of the appeal should fail because the district court considered and rejected the contention that the appeal was untimely[3] and EMV did not cross-appeal that determination. This argument presumes that Bankruptcy Rule 8002 (governing the deadline for appealing) is a waivable claim-processing rule, rather than a statutory jurisdictional requirement that a party cannot waive. We have previously stated otherwise, see Vazquez Laboy, 647 F.3d at 371; Walkup v. Carpenter, 16 F.3d 401 (table), 1994 WL 19949 (1st Cir. 1994) (per curiam); Abdallah, 778 F.2d at 77, although the Supreme Court's subsequent decision in Hamer might warrant revisiting this holding, see 138 S. Ct. at 21; see also In re Shah, 546 B.R. 398, 402-03 (Bankr. E.D. Wis. 2016); but see In re Berman-Smith, 737 F.3d 997, 1003 (5th Cir. 2013); In re Caterbone, 640 F.3d 108, 113 n.5 (3d Cir. 2011); In re Latture, 605 F.3d 830, 836-37 (10th Cir. 2010); In re Wilkins, 587 B.R. 97, 104-05 (B.A.P. 9th Cir. 2018); In re Jackson, 585 B.R. 410, 412-21 (B.A.P. 6th Cir. 2018).[4]

---

[3] PC Puerto Rico LLC v. Empresas Martínez Valentín, Corp., No. CV 17-2358 (D.P.R. Sept. 30, 2018) (order denying motion to dismiss for lack of jurisdiction).

[4] While not deciding this issue, the Supreme Court recently suggested that the time limit for appeal has its origins in the Bankruptcy Code, which may indicate that it is a matter of statutory jurisdiction, although it ultimately only stated that the appeal was dismissed as "untimely," not for lack of jurisdiction. See Ritzen Group, Inc. v. Jackson Masonry, LLC, No.

In this case, though, it makes no difference whether compliance with the time deadline for filing an appeal is a requirement of jurisdiction or a claim-processing rule that might be waived. EMV has not waived its objection to PCPR's untimely filing. Its responsive brief on appeal devotes an entire section to the issue. And EMV does so not to seek a change in the judgment of the bankruptcy court but rather to provide an alternative basis for leaving the judgment in place as is. Accordingly, EMV had no need to file a cross-appeal in order to preserve its repeatedly made challenge to the timeliness of the appeal. See In re Bos. Reg'l Med. Ctr., Inc., 291 F.3d 111, 116 n.2 (1st Cir. 2002).

We recognize that the foregoing application of the time limit for filing an appeal bears some complexity. But the rule in question has twice been explained by the Supreme Court. And since 1993, the civil rules, which the bankruptcy rules incorporate for adversary proceedings, have expressly warned that the pendency of a request for attorneys' fees ordinarily does not stay the time within which an appeal need be filed. Fed. R. Civ. P. 58(e) (advisory committee notes on 1993 amendment); Fed. R. Bankr. P. 7058. The rules also expressly offer the bankruptcy court the option, not taken here, to enter an express order deeming a timely motion for attorneys' fees to have the same effect as a motion

---

18-938, slip op. at 4, 12, 2020 WL 201023, at *7 (U.S. Jan. 14, 2020).

- 11 -

under Rule 59, delaying the running of the time within which to appeal. Fed. R. Civ. P. 58(e). And the rules point counsel to a safe harbor that avoids all of this: when in doubt, file your notice of appeal, because a premature notice, unlike a late notice, can still be effective. See Fed. R. Bankr. P. 8002(a)(2); Fed. R. App. P. 4(a)(2); see also FirsTier Mortg. Co. v. Inv'rs Mortg. Ins. Co., 498 U.S. 269, 276 (1991) (noting that "Rule 4(a)(2) was intended to protect the unskilled litigant who files a notice of appeal from a decision that he reasonably but mistakenly believes to be a final judgment"). PCPR failed to do so, and once properly raised before us, the timely filing of a notice of appeal is a mandatory requirement that we must enforce even if we assume, favorably to PCPR, that the rule is only a claim-processing rule. See Hamer, 138 S. Ct. at 17. We therefore dismiss PCPR's appeal of the damages award.[5]

### III.

We now turn to the sole remaining issue before us: whether the amount of attorneys' fees awarded by the bankruptcy court was appropriate. We review the bankruptcy court's "quantification of fees for abuse of discretion." In re Sullivan,

---

[5] This includes all of PCPR's challenges to the April 4 order, including whether the evidence supported a finding of a willful stay violation, the expert valuation of damages, and issues pertaining to mitigation and lack of bad faith.

674 F.3d 65, 68 (1st Cir. 2012).[6]  Such abuse occurs when the lower court clearly "ignored a factor deserving significant weight, relied upon an improper factor, or evaluated all the proper factors (and no improper ones), but made a serious mistake in weighing them."  Id.

In challenging the amount of fees awarded, PCPR argues that EMV was not a prevailing party with respect to many of its claims, so it should not recover fees spent in pursuing those failed claims.  In its view, because EMV only recovered 8% of the damages in play at trial, the amount of fees awarded should have been reduced by some larger amount, perhaps 92%, or eliminated entirely.

The bankruptcy court properly handled this argument.  It assumed, favorably to PCPR, that the customary "prevailing party" construct applies here.[7]  The general rule for statutes with a prevailing-party fee-shifting provision is that, to recover fees, a party need only show that it "succeed[ed] on any significant issue in litigation . . . achiev[ing] some of the benefit the part[y] sought in bringing suit."  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (quoting Nadeau v. Helgemoe, 581 F.2d 275, 278–

---

[6] On appeal from a district court's review of a decision by a bankruptcy court, we look through the intermediate court's decision and "assess[] the bankruptcy court's decision directly." In re DeMore, 844 F.3d 292, 296 (1st Cir. 2016).

[7] EMV does not challenge the use of this construct, so we need not decide whether section 105 requires its use.

279 (1st Cir. 1978)).  We have further refined this definition by stating that the case's disposition need only "materially alter the litigants' legal relationship by modifying one party's behavior in a way that directly benefits the other" to qualify the prevailing party for a fees award.  J.S. v. Westerly Sch. Dist., 910 F.3d 4, 10 (1st Cir. 2018).  Here, the bankruptcy court construed the terms of the lease, the major issue in dispute, in favor of EMV, awarding EMV $408,153 in damages, reflecting 100% of the value EMV was seeking for the personal property that PCPR had disposed of in bad faith.  Moreover, although the bankruptcy court declined to award damages for PCPR's other self-help actions (changing the locks and blocking off the store after the stay had been imposed), it nonetheless found that these too were violations of EMV's rights for part of the period in question.  This leaves little doubt that the bankruptcy court's order vindicated the debtor's rights, altering the relative legal status of the parties.

Moreover, the bankruptcy court did reduce the amount of trial-related fees it awarded by 25% because of EMV's failure to succeed on three of its four claims, a factor it combined with EMV's lack of diligence in updating the court on its own volition about the sale of some of the property.  PCPR points to no authority requiring that an award of fees be reduced in exact or even approximate proportion to the percentage of damages awarded relative to those initially sought.  Nor does the amount of damages

- 14 -

awarded in a case always directly reflect the proportional effort expended on the successful claims. Here, the bankruptcy court had briefing on the amount of fees from both parties and wrote a thorough, reasoned opinion discussing all of the arguments in turn. By taking EMV's relative success into account and estimating that a 25% reduction was appropriate, the bankruptcy court did not clearly ignore the degree-of-success factor. Nor did it make a serious mistake in weighing the factor to arrive at its conclusion. Rather, it made a reasoned determination as to how much to reduce the fees by. This determination was not an abuse of discretion.[8]

## IV.

For the foregoing reasons, we <u>dismiss</u> the appeal of the April 4 damages award, and we <u>affirm</u> the amount of attorneys' fees imposed.

---

[8] To the extent the bankruptcy court should have reduced pretrial expenses accordingly, that claim is waived, and we need not decide whether section 105 requires such consideration. Below, PCPR moved only to reduce EMV's "trial-related entries" for its lack of success, so it cannot attempt to seek a reduction in "all Plaintiff's billing entries and costs" now.

- 15 -